the plaintiff, for otherwise he would not have fulfilled the stipulation of the contract which required and declared that payment to be made at the time of the execution of the agreement. Upon the receipt of the money by Blackwell Bros. it became the property of Lowery, and whatever claim, if any, the plaintiff now has to a repayment thereof, is against Lowery, and not against his attorneys.

It follows that the judgment of the Municipal Court should be affirmed. It is proper to add, however, in view of the possibility that the plaintiff may hereafter sue Lowery to recover this amount, that we do not agree with the defendants in regard to the effect which they attribute to the judgment in the Supreme Court action between Middleworth and Lowery. They argue that the $500 was plainly included in the damages awarded against Lowery in that suit. It seems to us that this position is untenable, inasmuch as the jury were expressly told, at the instance of one of the defendants herein, then acting as counsel for Lowery, that this sum of $500 was not recoverable in that action.

Judgment of the Municipal Court affirmed, with costs. All concur.

---

IRVING NAT. BANK v. MOYNIHAN et al.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. CORPORATIONS—DEBTS IN EXCESS OF PAID-UP CAPITAL STOCK NOT SECURED BY MORTGAGE—LIABILITY OF DIRECTORS—STATUTORY PROVISIONS—SUFFICIENCY OF EVIDENCE.

The Stock Corporation Law, § 24 (Laws 1890, p. 1070, c. 564, as amended by Laws 1892, p. 1830, c. 688), provides that if a stock corporation, except a moneyed corporation, create any debt whereby its total indebtedness not secured by mortgage exceeds its paid-up capital stock, the directors creating such debt shall be personally liable therefor to the creditors of the corporation. Held that, where plaintiff sought to hold defendants, as directors of a corporation, liable under the statute for debts of the corporation, but failed to prove that the indebtedness in excess of the paid-up capital stock was not secured by mortgage, its complaint was properly dismissed.

Appeal from Special Term, New York County.

Action by the Irving National Bank against Daniel C. Moynihan, impleaded with others. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William S. Bennet, for appellant.

Henry H. Man, for respondents.

McLAUGHLIN, J. In March, 1895, the W. B. Webb Company was incorporated under the statutes of this state with a capital stock of $2,500, and it continued to do business until January, 1897, when it was, by a judgment of this court, dissolved, and a receiver appointed. Subsequently the plaintiff, on behalf of itself and all other creditors similarly situated, brought this action to recover from two of the di-

rectors of the corporation—the respondent Moynihan and one William
B. Webb—certain indebtedness of the corporation upon the ground
that the same was created in violation of section 24 of the stock corpo-
ration law (chapter 564, p. 1070, Laws 1890, as amended by chapter
688, p. 1830, Laws 1892), which makes directors of a corporation con-
senting to the creation of an indebtedness not secured by mortgage,
in excess of its paid-up capital stock, personally liable. The com-
plaint, among other things, alleged the incorporation of the W. B.
Webb Company, the election of Moynihan and Webb as directors, and,
while acting in that capacity, the creation, with their consent, of debts
of the corporation unsecured by mortgage to the amount of about
$9,000, the dissolution of the corporation, the appointment of a re-
ceiver, etc. In the answer interposed by Moynihan not only the ma-
terial allegations of the complaint were denied, but there was a specific
denial that he, as a director of the corporation, created, or consented
to the creation of, any indebtedness not secured by mortgage in excess
of its paid-up capital stock, or any indebtedness whatever which has
not been paid. Upon the trial it appeared that the plaintiff had a claim
against the corporation for $600 by reason of its having discounted for
the corporation a note for that amount, and which remained unpaid;
that the defendant Moynihan, so far as appeared, did not consent to the
creation of this indebtedness, other than that he took one Hart and
Frankel to the office of the plaintiff, introduced them to one of its
officers, and thereupon, at their request, the note was discounted. It
also appeared that there were other claims against the corporation,
including claims held by Moynihan himself, largely in excess of $2,500;
but, if his claims were deducted, then the aggregate amount of such
other claims was less than $2,500. At the conclusion of the trial the
learned justice sitting at Special Term dismissed the complaint, and
from the judgment entered upon a decision to this effect the plaintiff
has appealed.

We are of the opinion that the complaint was properly dismissed.
The only right to maintain the action at all is that given by statute,
and, before the plaintiff could succeed, it was bound to bring itself
squarely within its provisions. Appreciating this, it alleged that the
indebtedness of the corporation, not secured by mortgage, exceeded
the amount of its paid-up capital stock, and that the same was created
with the consent of the directors, Moynihan and Webb. This allega-
tion was denied by Moynihan, and, before the plaintiff could recover
in the action, it was bound to establish by competent proof that this
allegation of its complaint was true, and this it did not do. There was
absolutely no evidence offered at the trial, so far as the record before
us shows, to prove that the indebtedness in excess of the paid-up
capital stock was not secured by mortgage. This was a material fact
to be established, and without which plaintiff could not recover. The
statute so provides. The words are:

"No stock corporation, except a monied corporation, shall create any debt,
if thereby its total indebtedness not secured by mortgage shall exceed the
amount of its paid up capital stock, and the directors creating or consenting
to the creation of any such debt shall be personally liable therefor to the
creditors of the corporation."

It is the creation of a debt, not secured by mortgage, in excess of the paid-up capital stock, which makes the directors liable, but not a debt which is secured by mortgage. Therefore at the conclusion of the trial there was a failure on the part of the plaintiff to establish a material fact, upon which depended its right to recover. The trial court so held, and he could not have done otherwise. This conclusion makes it unnecessary to pass upon the other question raised.

The judgment is right, and must be affirmed, with costs. All concur.